# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## DURHAM DIVISION

| | |
|---|---|
| **In re:** ) | |
| **Shirley Annetta Campbell,** ) | |
| ) | Case No. 12-80096 |
| Debtor. ) | |
| _____ ) | |

## ORDER AND OPINION

THIS MATTER came on before the Court on August 16, 2012, after due and proper notice, upon the objection by the above-captioned Debtor to the claims of Springleaf Financial Service of North Carolina, Inc. ("Springleaf") and upon Springleaf's objection to confirmation of Debtor's proposed Chapter 13 plan.  Yancey Washington appeared on behalf of Shirley Annetta Campbell (the "Debtor"), who was also present, Matthew Mannering appeared on behalf of Springleaf and Benjamin Lovell appeared on behalf of the Chapter 13 Trustee.  After considering the evidence on record and the arguments of counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy.

## FINDINGS OF FACT

On June 29, 1989, the Debtor executed a promissory note in favor of Springleaf in the amount of $40,424.00 (the "Note") and an accompanying Deed of Trust.  The Note and Deed of Trust were secured by real property located at 913 Isabelle St., Laurinburg, NC 28351 (the "Property").  Between 1990 and 1997, the Debtor successively filed and had dismissed three voluntary petitions for bankruptcy relief under Chapter 13 of the United States Bankruptcy Code.

On December 16, 1998 the Debtor filed a fourth petition under Chapter 13 in this Court, Case No. 98-82997 (the "Fourth Bankruptcy Case").  On January 8, 1999, in the Fourth Bankruptcy Case, Springleaf filed a proof of claim in the amount of $39,922.14 (the "Proof of Claim"). The Debtor did not file an objection to the Proof of Claim.  On March 3, 1999, this Court entered an Order confirming the Debtor's Chapter 13 plan in the Fourth Bankruptcy Case (the "Confirmation Order").  The Confirmation Order provided for the payment of the indebtedness to Springleaf as a long-term continuing debt and also the payment of a timely and properly filed arrearage claim.  On December 13, 2001, this Court dismissed the Debtor's Fourth Bankruptcy Case.

The Debtor stopped making payments on the Note after June 2009, but remained in possession of the Property.  In the fall of 2011, Springleaf initiated proceedings seeking to exercise its power of sale foreclosure rights in the Property.  On September 1, 2011, the Clerk of Court of Scotland County, North Carolina (the "Clerk") held a hearing on Springleaf's power of sale foreclosure.  At the hearing, the Debtor disputed the validity of the indebtedness due on the Note.  The Clerk took the matter under advisement and scheduled a continued hearing on the matter.  At the continued hearing on October 6, 2011, the Clerk rejected the Debtor's arguments and entered an Order of Foreclosure in favor of the Substitute Trustee under Springleaf's Deed of Trust.  The Debtor then petitioned the Superior Court of Scotland County for a review of the Foreclosure Order pursuant to N.C. Gen. Stat. §45-21.16(d1).

On November 28, 2011, the Superior Court held an evidentiary hearing on the appeal.  During the evidentiary hearing, Springleaf introduced into evidence a payment and indebtedness history (the "Account Recast") that detailed the payments made by the

2

Debtor to Springleaf between March 2, 1999 and June 2, 2009.  The Account Recast indicated a reduction from the $39,922.00 indebtedness in the Fourth Bankruptcy case from March 2, 1999 to an outstanding indebtedness of $21,464.14 as of June 2, 2009.

On December 22, 2011, the Superior Court entered an Order Affirming Order of Foreclosure and Authoring Foreclosure Sale Pursuant to Deed of Trust (the "Order Affirming Foreclosure") which held that the Court accepts the Account Recast as substantial, uncontroverted evidence that, taken together with the Proof of Claim, establishes that the Debtor owed an indebtedness to Springleaf in the amount of at least $21,464.14 which has been in default since June 2, 2009.  The Debtor did not appeal the Order Affirming Foreclosure.

On January 23, 2012, the Debtor filed her fifth bankruptcy petition under Chapter 13 of the Code, initiating the present case, and amended her petition to list Springleaf's secured claim in the Property as $2,000.00, noting that Springleaf's secured claim is disputed.  In February 2012, Springleaf filed proofs of claim (the "Springleaf Claims") for a secured debt in the Property for an amount of $29,970.31 and attached the Order Affirming Foreclosure, a summary of the Debtor's history of payments, and a copy of the original Note.

On April 12, 2012, the Debtor filed objections to the Springleaf Claims, asserting that she had not been given proper credit for all payments made to Springleaf.  The Court heard arguments on the Debtor's objections to the Springleaf Claims at the August 16, 2012 hearing.

3

## ANALYSIS

Section 502(a) of the Bankruptcy Code states that "a claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor, objects." 11 U.S.C. § 502(a). Furthermore, the Federal Rules of Bankruptcy Procedure 3001(f) provides that "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). After a proof of claim is filed, the burden shifts to the debtor to object to the claim. *In re Harford Sands Inc.*, 372 F.3d 637, 640 (4th Cir. 2004). The debtor has the burden to present evidence that rebuts the presumptive validity of the claim. *Id.* If the debtor carries this burden, then the creditor ultimately has the burden to prove the validity of the claim by a preponderance of the evidence. *Id.*

In the present case, Springleaf properly filed the Springleaf Claims which constitutes prima facie evidence and, therefore, the Debtor has the burden to present evidence to rebut it. However, the burden-shifting framework is truncated by the *Rooker-Feldman* doctrine such that this Court cannot hear the Debtor's objection to the Springleaf Claims. The *Rooker-Feldman* doctrine provides that federal courts other than the Supreme Court "lack subject matter jurisdiction over complaints that invite 'federal courts of first instance to review and reverse unfavorable state-court judgments.'" *Campbell v. Craig*, 2007 WL 634091, at *2 (M.D.N.C. Feb. 26, 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005)). The *Rooker-Feldman* doctrine applies when a "state court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself." *Davani v. Virginia*

4

*Dep't of Transp.*, 434 F.3d 712, 718-719 (4th Cir. 2006).  However, when cases involve

"parallel state and federal proceedings or a federal claim that does not directly challenge

a state court judgment, federal district courts are not barred by *Rooker-Feldman* from

exercising jurisdiction."  *Craig*, 2007 WL 634091, at *3; *see also In re Mr. Movies, Inc.*,

287 B.R. 178 (Bankr. D. Minn. 2002) (though bankruptcy court did not have jurisdiction

to set aside a debt that was filed with a proof of claim in accordance with a state court

judgment, *Rooker-Feldman* did not prevent court from considering issues collateral to the

state court judgment, such as the validity of some terms of the original agreement

between debtor and creditor or whether there was a basis for equitable subordination of

creditor's claim).

     "Where a debtor objects to a claim that is based on a state court judgment, thereby

attempting to collaterally attack the judgment in bankruptcy court, the *Rooker-Feldman*

doctrine bars that attack."   *In re Al-Sedah*, 347 B.R. 901, 904 (Bankr. N.D. Ala. 2005)

(holding that the *Rooker-Feldman* doctrine barred debtor's objection to a proof-of-claim

filed by the state taxing authority that was supported by a state administrative law judge's

entry of order upholding the taxing authority's assessment); *see also In re Holler*, 342

B.R. 212, 216 (Bankr. W.D. Pa. 2006) (holding that *Rooker-Feldman* doctrine denied

bankruptcy court subject matter jurisdiction to hear debtor's objection to proof of claim

because finding for debtor would require finding that state court foreclosure action, upon

which the proof of claim was based, was improper.); *In re Whitefoot*, 306 B.R. 563, 565

(Bankr. N.D. Miss. 2004) (holding that *Rooker-Feldman* precluded bankruptcy court

from considering debtor's assertion that description in a deed of trust was defective and

thus did not encumber their residence, when the same issue was previously adjudicated in

state court and that deciding debtor's motion would require the bankruptcy court to review substance of state court decision that was rendered in favor of creditor.)  When determining whether a plaintiff is directly challenging a state court judgment, the Fourth Circuit looks at "the nature and timing of the plaintiff's complaint, the party sued, and the relief sought." *Craig*, 2007 WL 634091, at *4.

Here, the Debtor's objections to the Springleaf Claims were made after the Superior Court entered the order affirming the Order of Foreclosure which determined the amount of the indebtedness.  Therefore, Debtor is a losing party in state court who filed suit in federal court after state proceedings ended.  As to the party sued and the relief sought, the Debtor's objections attack the amount of Debtor's indebtedness as stated in the Springleaf Claims.  This same issue was the subject of the state court action. Thus, sustaining Debtor's objections to the Springleaf Claims would involve review and reversal of the state court judgment.

## CONCLUSION

Based on these considerations, this Court concludes that Debtor's objections are barred by the *Rooker-Feldman* doctrine and this Court lacks subject matter jurisdiction to hear Debtor's objection.  Furthermore, Springleaf's objection to confirmation of the plan is sustained, and Debtors shall have 30 days from entry of this order to file an amended plan.

IT IS SO ORDERED.

6

# SERVICE LIST

Shirley Annetta Campbell
Debtor

A. Chance Wilkinson
Yancey Washington
P. O. Box 100
Oxford, NC 27565
Attorneys for Debtor

Kevin Eckhardt
Matthew Mannering
Attorneys for Springleaf

Richard M. Hutson, II
Trustee